UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Clevon Bryant,                                      Civil No. 17-3827 (PJS/FLN)

        Petitioner,

v.                                                           **REPORT AND RECOMMENDATION**

Warden, FCI Sandstone,

        Respondent.

---

Douglas Clevon Bryant, *pro se*.
Lisa Kirkpatrick, Assistant United States Attorney, for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Douglas Clevon Bryant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and Respondent's motion to dismiss for lack of jurisdiction (ECF No. 4). This matter was referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Bryant's petition be **DENIED** and Respondent's motion to dismiss be **GRANTED**.

### I. FACTUAL BACKGROUND

In 2001, Bryant was convicted and sentenced in federal court of drug trafficking. *See generally* ECF No. 4. In 2009, while on supervised release, Bryant was arrested and charged with possession with the intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1).[1] The

---

[1] Bryant states that the Respondent, in her supporting memorandum, gives a fair and accurate recitation of the procedural background of this case, and does not objection or take exception to the Respondent's account. Therefore, we rely on the Respondent's recitation of the factual background of this case.

Government filed a § 851 information to enhance Bryant's sentence based on his previous 2001 federal drug conviction, and a prior conviction for robbery in Tennessee. *Id.* Bryant pled guilty, and at sentencing was classified a career offender. *Id.* As a result, the United States District Court for the Eastern District of Tennessee imposed a sentence of 235-months, at the top of the range, as well as 51-months consecutive for his supervised release violation. *Id.* Bryant appealed his conviction and sentence. *Id.* The Sixth Circuit affirmed, and his petition for certiorari to the United States Supreme Court was denied in June 2012.

In February 2014, Bryant requested an extension of time to file a § 2255 motion; his request was denied. *Id*. Bryant nevertheless filed a § 2255 motion in June 2014, arguing that he received ineffective assistance of counsel, and that the court erred by enhancing his sentence and classifying him as a career criminal. *Id.* Bryant's § 2255 petition was denied as time barred, and his subsequent appeal was dismissed for want of prosecution. *Id.*

Bryant now brings a petition for habeas relief pursuant to 28 U.S.C. § 2241, based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), arguing that his prior convictions do not qualify him as a career offender and require that he be re-sentenced. ECF No. 1 at 7.

## II.  CONCLUSION OF LAW

Sections 2241 and 2255 provide two distinct avenues for federal prisoners to challenge a conviction or sentence. Ordinarily, a petitioner seeking to challenge the imposition of a conviction or sentence must utilize § 2255, whereas a petition pursuant to § 2241 challenges the execution of a sentence. *Swehla v. Wilson*, Civ No. 13-1919 (SRN/JJK), 2013 WL 5655895, at *3 (D. Minn. Oct. 15, 2013); *Mickelson v. United States*, Civ No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sep. 10, 2002); *see also Lopez-Lopez v. Sanders*, 590 F.3d 905, 907

(8th Cir. 2010) ("A federal inmate generally must challenge a conviction or sentence through a § 2255 motion."). In other words, "[i]t is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

Section 2255, however, contains a "savings clause" which establishes a limited set of circumstances wherein the court of incarceration, not the sentencing court, may consider a constitutional challenge to the imposition of a conviction or sentence:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. 2255(e) (emphasis added). As the Eighth Circuit has stated, "[a] petitioner who seeks to challenge his sentence or conviction must generally do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted). Furthermore, the savings clause is jurisdictional in nature. *See Hill*, 349 F.3d at 1091 (stating that the savings clause of § 2255 "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence"). A federal district court does not, however, have subject matter jurisdiction over issues relating to the imposition of a conviction or sentence by another district court unless the prerequisites of the savings clause are satisfied—i.e., a remedy pursuant to a § 2255 motion would be inadequate or ineffective. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curium). A petitioner seeking relief

3

under § 2241 by invoking the savings clause bears the burden of showing that a motion under § 2255 would in fact be inadequate or ineffective. *Id.*

Section 2255's savings clause does not define the phrase "inadequate or ineffective." Courts, however, have interpreted the phrase narrowly. *See, e.g., Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances."). Although the Supreme Court has not articulated a specific test for determining when the savings clause may be properly invoked, the circuit courts that have addressed this issue have adopted tests with similar elements. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998). Courts have consistently found that, where a petitioner seeks to proceed under the savings clause, "the petitioner must (among other elements) show that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively." *Dunklin v. Wilson*, Civ. No. 13-2411 (PJS/JSM), 2014 WL 5464250 at * 4 (D. Minn. Oct. 27, 2014) (citations omitted). As the Eleventh Circuit stated in *Williams v. Warden, Fed. Bureau of Prisons*, the "inadequate or ineffective" standard of the savings clause is only satisfied when two conditions are met:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

713 F.3d 1332, 1343 (11th Cir. 2013). Thus, this Court must address whether *Mathis* adopts a new rule of law overturning circuit court precedent, and whether it applies retroactively. If both

conditions are not satisfied, Bryant cannot avail himself of the savings clause and this Court lacks subject matter jurisdiction to address his § 2241 petition.

In the present case, it should be noted that Bryant acknowledges that he has already brought a § 2255 motion, and concedes that he is barred from bringing a successive motion under § 2244. ECF No. 1; ECF No. 7. Thus, the only issue before the Court is whether Bryant satisfies the requirements of § 2255's savings clause.

Bryant argues that he satisfies § 2255's savings clause based on *Mathis v. United States*, an intervening decision of statutory construction that make his classification as a career offender unlawful. *See* generally ECF Nos. 1, 7. Respondent, in turn, asks the Court to dismiss Bryant's petition arguing that he cannot satisfy § 2255's savings clause because the decisions cited by Bryant do not create a new rule of law. ECF No. 4 at 8–14. The Court agrees with Respondent.

While Bryant is challenging the imposition of his conviction and sentence based on the Supreme Court's decision in *Mathis v. United States*, a case decided after he filed his initial § 2255 petition, Bryant has not satisfied the requirements needed to invoke the savings clause. Principally, *Mathis* did not created a new rule of law that applies retroactively.

Instead of creating a new rule of law, the Supreme Court in *Mathis* resolved a circuit split over the issue of whether the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposed a sentence enhancement on defendants, where a state crime had one set of elements, but alternative factual means by which a defendant can satisfy those elements. 136 S. Ct. at 2250–51. The Court found that its decision in *Taylor v. United States*, 110 S. Ct. 2143 (1990) "set out the essential rule governing ACCA cases more than a quarter century ago," and that Taylor provided that "all that counts under the Act . . . are elements of the statute of conviction. "

*Id.* at 2251. Providing further that its "precedent [made] this a straightforward case" and that "[f]or more than 25 years, [the Supreme Court] [has] repeatedly made clear that application of ACCA involves, and involves only, comparing elements." *Id*. at 2257.

Based on this language, courts in this jurisdiction and across the country have held that the rule articulated in *Mathis* did not create a new rule of law, but rather confirmed the process previously articulated by the Supreme Court. *See, e.g.*, *Trice v. United States*, No. 17-1995 (DWF/LIB), 2017 WL 4685070, at *2 (D. Minn. July 18, 2017); *Blake v. United States*, Civ. No. 17-1108 (PJD/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017); *Hernandez v. Birkholtz*, No. 18-0742 (MJD/HB), 2018 WL 3059681, at *2 (D. Minn. May 8, 2018); *Clark v. United States*, No. 17-cv-2040 (SRN/DTS), 2017 WL 4685064 at *2 (D. Minn. Oct. 16, 2017); *Hubbard v. Lariva*, No. 17-1805 (WMW/BRT), 2017 WL 8944026 at *2 (D. Minn. July, 28, 2017).

Accordingly, we find that Bryant has not satisfied the requirements for invoking the savings clause of § 2255, and thus the Court lacks subject matter jurisdiction to grant the relief under § 2241. Therefore, we recommend the Court dismisses Bryant's petition and grant Respondents's motion to dismiss.

### III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The petition for writ of habeas corpus (ECF No. 1) be **DENIED**;

2. Respondent's motion to dismiss (ECF No. 4) be **GRANTED**; and

3. The action be **DISMISSED WITHOUT PREJUDICE**.

DATED: July 18, 2018           <u>*s/Franklin L. Noel*</u>
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 1, 2018**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.